UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:09-CV-00049-TBR

IN RE:

LWD, INC., *et. al.*,                                              CHAPTER 11
                                                                   CASE NO. 03-51021
                                                                   (Jointly Administered)

                                                                   DEBTORS


K&B CAPITAL, LLC, ROBERT KATTULA                                   APPELLEES
AND MARIA KATTULA

v.

OFFICIAL UNSECURED CREDITOR'S COMMITTEE                            APPELLANTS
and DEBORAH B. SIMON, as Trustee

## MEMORANDUM OPINION

This matter is before the Court on appeal from the United States Bankruptcy Court for the Western District of Kentucky. K&B Capital, LLC ("K&B"), Robert Kattula, and Maria Kattula ("Kattulas"), appeal the Bankruptcy Court's January 8, 2009, Order granting Plaintiff's, the Committee's, Motion for Entry of an Order of Contempt (Docket #3). The Appellees, Official Unsecured Creditor's Committee ("Committee") and Deborah Simon, as Trustee, have filed a brief in response (Docket #5). Appellants have not filed a brief in reply. This matter is now ripe for adjudication. The Court now REVERSES the Bankruptcy Court's Order and REMANDS the case to the Bankruptcy Court.

## BACKGROUND

This case arises from the bankruptcies of several related companies: LWD, Inc.; LWD Field Services, Inc.; LWD Land Company, Inc.; LWD Equipment, Inc.; LWD Trucking, Inc.; LWD

Sanitary Landfill, Inc. (collectively the "LWD Defendants"); and General Environmental Services, LLC ("GES"). Prior to the bankruptcy filings, most of LWD, Inc.'s, assets were seized by Bank One, a creditor. K&B then purchased Bank One and began loaning large amounts of money to the LWD, Inc., entities to avoid bankruptcy. Robert Kattula and Maria Kattula are principals of K&B. Because of these loans, the collateral K&B purchased from Bank One diminished in value by the time the bankruptcy proceedings began. The Bankruptcy Court entered an Order (the "Cash Collateral Order") allowing "adequate protection payments" to Debtors of up to $35,000 a week. The Order was to remain in effect until the Bankruptcy Court modified it during the ensuing bankruptcy proceedings.

The LWD, Inc., Defendants originally were involved in Chapter 7 bankruptcies, but consented to convert the proceedings to Chapter 11 bankruptcies. These proceedings were ordered to be jointly administered with the Chapter 11 bankruptcy proceedings for GES on September 11, 2003. Under the lead case number for LWD, Inc., a Creditor's Committee was appointed for the joint administration of the bankruptcies.[1]

On January 27, 2004, the Bankruptcy Court ordered the Debtors to sell substantially all their assets pursuant to 11 U.S.C. §363. This Order (the "Final Sale Order") authorized the sale of property "free and clear of all liens, tax liens, claims, and encumbrances." A Term Sheet was drawn up to dictate the terms of the auction on February 23, 2004. Under the Term Sheet, a bidder's

---

[1] K&B contests that the Committee represents all Defendants because it was solely filed under the lead case number for LWD, Inc. However, as the Court previously held in a related appeal, it is permissible to appoint a joint committee in this case, the Bankruptcy Court clearly intended the joint appointment of a committee, and it was impossible under the filing system to notice for the appointment of separate committees under the other case numbers. *See In re LWD, Inc.*, 2007 WL 1035149 (W.D. Ky. Mar. 30, 2007).

"allowed secured claim and credit bid were fixed and limited (except that the bidder could be reimbursed up to $75,000.00 for certain new advances through the auction sale) to the amounts provided thereunder." The Term Sheet was detailed and purported to govern the entirety of issues surrounding the auction and required disclosure of all asset transfers of the Debtors before the sale. On March 9, 2004, K&B successfully bid $2,555,000.00 for the assets of the Debtors, which included the $1.75 million credit bid allowed under the Term Sheet. The second-highest offer at the sale was a bid by Purchase Area Disposal Services, LLC, for $2.4 million, and the Bankruptcy Court ordered that it could purchase the Debtors' assets if K&B could not successfully complete the transaction. The Bankruptcy Court subsequently approved the sale. On March 24, 2004, the Bankruptcy Court ordered K&B to submit an accounting of funds paid to it by any debtor entity from January 1, 2004, through March 31, 2004.

On June 16, 2004, the Committee filed a Motion claiming that K&B secreted over $476,500.00 in cash assets of the Debtors prior to the sale which were not disclosed at the auction and that the transfer violated §549 of the Bankruptcy Code. These cash assets were the moneys paid as collateral under the Cash Collateral Order. The Committee also alleged that the Debtors failed to disclose an existing insurance policy, the Closure Insurance Policy, worth hundreds of thousands of dollars in prepaid premiums. The Committee contended that the disclosure of the money and insurance policies would have raised the bid prices at the auction for other bidders, that the transfer of the assets and policies constituted an unfair windfall to K&B, and that K&B's nondisclosure and possession of these assets deprived the estate of its rightful property. The Bankruptcy Court held an adversary proceeding on this issue on October 24, 2004, and ruled for the Committee on February

10, 2005 (the "Reimbursement Order").[2] The ruling ordered K&B to return $828,875.00 to the Debtors' estates. The Bankruptcy Court held that the Term Sheet supplanted the terms of the Cash Collateral Order and held that the insurance and cash assets should have been disclosed before the sale pursuant to the Term Sheet. The Bankruptcy Court also denied a Motion to Reconsider its ruling.

K&B then appealed the Bankruptcy Court's ruling. Though the appeal was held to be untimely, this Court ruled on the merits of K&B's claims.[3] The Court found that the Bankruptcy Court properly held a hearing on the Committee's claims and properly found that assets had been improperly secreted against the rules set forth in the Term Sheet and that K&B was required to return the assets contested by the Committee to the Debtors' estate.

K&B then moved the Court to reconsider its appellate ruling, claiming that this Court did not have subject matter jurisdiction over the appeal and that the Bankruptcy Court's ruling was not an appealable Order. This Court denied K&B's Motion for Reconsideration of its Appeal of the Bankruptcy Court's Reimbursement Order, holding that the Committee did have standing to represent the rights of all Debtors and that the Bankruptcy Court's February 10, 2005 Order was final and appealable.

K&B then appealed to the Sixth Circuit. On June 19, 2009, the Sixth Circuit issued an opinion dismissing each of K&B's appeals for lack of appellate jurisdiction holding that each order

---

[2]*In re LWD, Inc.*, 332 B.R. 543 (Bankr. W.D. Ky. Feb. 10, 2005).

[3]*In re LWD, Inc.,* 340 B.R. 363 (W.D. Ky. Mar. 15, 2006); *In re LWD, Inc.*, 2007 WL 2668512 (W.D. Ky. Sept. 6, 2007).

appealed was not final.[4]

The Committee filed a Writ of Execution on March 14, 2005. Having been unable to collect under the Bankruptcy Court's February 10, 2005, Reimbursement Order and the Writ of Execution, the Committee filed a Motion for Entry of an Order for Contempt with the Bankruptcy Court on January 5, 2006. Following a hearing, the Bankruptcy Court denied the Committee's Motion for Contempt. The Committee's Motion for Reconsideration was also denied. The Committee appealed the Bankruptcy Court's April 16, 2007, Order denying the Committee's Motion for Contempt and subsequent Motion for Reconsideration to this Court.

On September 19, 2008, this Court entered the order vacating the Bankruptcy Court's denial of contempt, holding that the Committee satisfied the elements for contempt of the Reimbursement Order as against K&B and holding that K&B failed to satisfy their burden of proof with respect to their affirmative defense of inability to comply with the Reimbursement Order.[5] This Court remanded the matter to the Bankruptcy Court with instructions to conduct further hearings on the proper sanctions to be imposed on K&B.[6]

After briefing on the issue of proper sanctions, the Bankruptcy Court entered its Order Granting Plaintiff's Motion for Entry of an Order of Contempt ("Contempt Sanctions Order") on January 8, 2009, finding K&B and the Kattulas jointly and severally liable for the Reimbursement

---

[4] *In re LWD, Inc.*, 335 Fed. App'x 523 (6th Cir. 2009). K&B also appealed the Bankruptcy Court's order substituting counsel for the Committee; the order denying K&B's motion to vacate, as void, the March 25, 2004 supplemental order to sale; and the order denying K&B's motion to withdraw reference of the adversarial proceeding to the Bankruptcy Court. The decision of the Sixth Circuit finding it lacks appellate jurisdiction does not effect the jurisdiction of this Court.

[5] *In re LWD, Inc.*, 2008 WL 4372995 (W.D. Ky. Sept. 22, 2008).

[6] *In re LWD, Inc.*, 2008 WL 4372995 (W.D. Ky. Sept. 22, 2008).

Order. K&B now appeals the Contempt Sanctions Order and asks the Court find the sanction of joint and several liability was not appropriate.

**JURISDICTION**

Appellants again raise several jurisdictional issues which have been raised and ruled on by this Court previously and therefore will not be addressed in this opinion. Appellants again assert this Court did not have jurisdiction to review the Bankruptcy Court's April 16, 2007, Order denying the Motion for Contempt because it was not a final order. Appellants contend the Court does not have jurisdiction to review the Contempt Sanctions Order before it now for the same reason.

A district court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1) to hear appeals "from final judgments, orders and decrees" entered by the bankruptcy courts. The Sixth Circuit Bankruptcy Appellate Panel has held that "an order is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *In re Barrett*, 337 B.R. 896, 898 (B.A.P 6th Cir. 2006), *aff'd*, 487 F.3d 353 (citing *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989) (citations omitted); *In re Copper*, 314 B.R. 628, 629-30 (B.A.P. 6th Cir. 2004), *aff'd*, 426 F.3d 810 (6th Cir.2005)). The district courts also have **discretion to hear interlocutory appeals from the bankruptcy courts**. 28 U.S.C. § 158(a)(3) ("with leave of the [district] court, from other interlocutory orders and decrees") (emphasis added); *In re M.T.G., Inc.*, 403 F.3d 410, 413 (6th Cir. 2005) (while district courts have discretion to hear interlocutory appeals, the courts of appeal only have jurisdiction when both the bankruptcy and district courts' orders are final). "The district court may grant leave to appeal an interlocutory order simply by exercising jurisdiction and it has unfettered discretion to do so." *In re Circle Fine Art Corp.*, No. 96 B 3334, 97 C 1155, 1997 WL 534323, *2 (N.D. Ill. Aug. 26, 1997) (internal citations and quotations omitted). Therefore,

regardless of whether the Bankruptcy Court order being appealed is final and regardless of whether the Sixth Circuit may or may not have appellate jurisdiction, this Court has appellate jurisdiction, if it chooses to exercise its discretion, over any interlocutory appeal from the bankruptcy court. The Court will exercise its discretion to hear this appeal.

## STANDARD

Bankruptcy Rule 8013 sets forth the standard of review of a bankruptcy courts' judgment, order, or decree. A bankruptcy court's findings of fact may not be set aside unless clearly erroneous, and a bankruptcy court's legal conclusions are reviewed *de novo*. *Budrow v. Montedonico*, 35 Fed. Appx. 213, 215 (6th Cir.2002); *Jordan v. Michigan Conference of Teamsters Welfare Fund*, 207 F.3d 854, 858 (6th Cir.2000); *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 389 (6th Cir.1986); *Howard v. Allard*, 122 B.R. 696, 698 (W.D.Ky.1991). Whether the Bankruptcy Court had jurisdiction to enter an order is a question of law which must be reviewed *de novo*. *Bridgeport Music, Inc. v. Still N the Water Publ'g*, 327 F.3d 472, 477 (6th Cir.2003). *De novo* review requires the appellate court to review questions of law independent of a bankruptcy court's determination. *In re Bailey*, 254 B.R.901, 903 (quoting *First Union Mortgage Corp. v. Eubanks (In re Eubanks)*, 219 B.R. 468, 469 (B.A.P. 6th Cir. 1998))(quotations omitted).

## DISCUSSION

K&B is appealing the Contempt Sanctions Order and asks the Court find the sanction of joint and several liability was not appropriate. K&B and the Kattulas state in their brief "the February 10, 2005 Order/ 'Judgment' is not a final order/judgment subject to an appeal as of right and/or immediate collection efforts absent a Fed. R. Civ. P. 54(b) . . . certification by the Bankruptcy Court." DN 3 at 48. As the Court has held, the district court has jurisdiction to hear interlocutory

7

appeals from the bankruptcy court; however, the Court finds a non final judgment is not subject to immediate collection efforts, e.g., a writ of execution, thus making an issuance of a civil contempt order for failing to execute on that judgment improper.

The Sixth Circuit recently ruled that the underlying Reimbursement Order is not a final order. The court stated "[t]he damages order does not fully dispose of the damages issue, but instead expressly contemplates 'further hearings to determine' whether certain of the damages award should ultimately be refunded to K&B." *In re LWD, Inc.*, 335 Fed. App'x 523, 527 (6th Cir. 2009). Generally, a writ of execution may only issue upon a final judgment. *National Union Fire Ins. Co. of Pittsburgh, Pennsylvania v. Gilbert*, 36 F.3d 1097 (unpublished) (6th Cir. 1994) (citing *Gerardi v. Pelullo*, 16 F.3d 1363, 1371 n. 13 (3d Cir.1994); *International Controls Corp. v. Vesco*, 535 F.2d 742, 744 (2d Cir.1976)); *see also Redding & Co. v. Russwine Const. Corp.*, 417 F.2d 721, 727 (D.C. Cir. 1969).

As the Reimbursement Order of February 10, 2005, was not final, the March 14, 2005, Writ of Execution could not have been properly issued. As a result of the improper issuance of the Writ of Execution, the January 8, 2009, Contempt Sanctions Order for failure to comply with the Writ was also improper, i.e., one can not be held in contempt for failing to execute a judgment on which it had no duty to execute. *See Worden v. Searls,* 121 U.S. 14, 26 (1887) (finding "the order for preliminary injunction was unwarranted as a matter law, and the orders imposing the fines . . . cannot be upheld"); *Garrison v. Cassens Transport Co.*, 334 F.3d 528, 543 (6th Cir. 2003); *McLean v. Central States, Southeast and Southwest Areas Pension Fund*, 762 F.2d 1204, 1210 (4th Cir. 1985) (holding, "[a]lthough a criminal contempt sanction stands even if the underlying order is reversed, reversal of the underlying order ordinarily invalidates any civil contempt sanctions

predicated thereon"); *ITT Community Development Corp. v. Barton*, 569 F.2d 1351, 1356 (5th Cir. 1978). The Contempt Sanctions Order in this case is primarily remedial, to coerce an individual to perform or to compensate an injured party, and therefore is civil contempt. *See Garrison*, 334 F.3d at 543.

This Court finds, in light of the Sixth Circuit's ruling, the Writ of Execution was not properly issued, making the January 8, 2009, Contempt Sanctions Order improper. The Contempt Sanctions Order is therefore reversed. The Court vacates its prior order reversing the bankruptcy court's denial of contempt and ordering sanctions be imposed.

**CONCLUSION**

For the foregoing reasons, the Court now REVERSES the Bankruptcy Court's Order and REMANDS the case to the Bankruptcy Court. The Court also VACATES its September 19, 2008, order in case no. 5:07-cv-00152-TBR reversing the bankruptcy court's denial of contempt and ordering sanctions be imposed. An appropriate order shall issue.